UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS M. HOWLETT,   )<br>   Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>CHARLESTON POLICE   )<br>DEPARTMENT ETA, *et al.*,   )<br>   Defendants.   ) | Case No. 23-2084 |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and incarcerated at Shawnee Correctional Center, files an Amended Complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated during his arrest on August 12, 2021. (Doc. 8). The case is now before the Court for a merit review of Plaintiff's claims.

The Court must "screen" Plaintiff's Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

### ALLEGATIONS

Plaintiff names the Charleston Police Department ETA, Lieutenant Brian C. Hissong, Sergeants Joshua M. Meers and Chris Darimont, and K9 Officer Vito as Defendants.

1

Plaintiff alleges that Defendants Hissong, Darimont, and Meers knocked on the door of his residence at 509 N. 12th Street in Charleston, Illinois on August 12, 2021. The homeowner, Linda Howlett, answered the door. Defendant Meers asked Ms. Howlett if Plaintiff was inside the house. Ms. Howlett responded that she had been sleeping and did not know. Defendant Darimont asked Ms. Howlett if he and his police K-9 named Vito could search the residence for Plaintiff. Ms. Howlett asked if Defendants had a warrant. Defendant Darimont told Ms. Howlett they did not have a warrant but would get one. When Ms. Howlett asked Defendants if she had to let them enter the home without a warrant, Defendant Hissong replied, "Linda we are going in w[h]ether you like it or not." (Doc. 8 at p. 7). Ms. Howlett was told to exit the home so Defendant Darimont could release Vito into the residence.

Plaintiff alleges that he was asleep and was woken by Vito violently biting and thrashing his lower left leg. Two or three minutes later, Defendant Darimont entered the room "only to stand by to watch Plaintiff Howlett beg for help expressing that he was asleep." *Id*. at p. 8. Defendant Hissong stated that Plaintiff was lying about being asleep, as Defendants had chased him there on foot. Defendant Darimont finally removed Vito from Plaintiff's leg and told Plaintiff to get up. Plaintiff replied that he could not get up because of his injured leg. Defendant Darimont then released Vito a second time.

Next, Plaintiff claims that Defendants Hissong, Darimont, and Meers pounced on top of him, kneed and punched him in the ribs, side, and back of the head, and shouted at Plaintiff to stop resisting. Vito continued to violently bite his leg. Plaintiff claims he was on his back with his arms up and was not resisting the officers.

After being handcuffed, Defendants allegedly dragged Plaintiff through the house and stopped in the kitchen where they took turns striking him. Plaintiff claims that he was "handcuffed in clear compliance not resisting arrest." *Id.* at p. 11.

Plaintiff alleges he was taken to the hospital in an ambulance, had emergency surgery on his lower left leg, and spent several days in the hospital recovering.

## ANALYSIS

Plaintiff brings a claim against Defendants Hissong, Darimont, and Meers for entering his residence without a warrant in violation of the Fourth Amendment, which protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 917 (2017). "It is axiomatic that '[a] warrantless arrest ... must be supported by probable cause.'" *United States v. Sholola*, 124 F.3d 803, 814 (7th Cir. 1997) (internal citations omitted). "In order to make an arrest without a warrant, the police must have probable cause, under the totality of the circumstances, to reasonably believe that a particular individual has committed a crime." *Id*.

Here, the Amended Complaint can be read to allege that Defendants entered and searched Plaintiff's home without consent, without a warrant, and without the presence of any exigent circumstances. *See United States v. Foxworth*, 8 F.3d 540, 544 (7th Cir. 1993) ("Exigent circumstances are defined as a compelling need for official action and no time to secure a warrant."). The warrantless entry, search, and arrest was likely an issue in Plaintiff's underlying criminal case. However, it is unclear whether that issue was previously litigated. Giving Plaintiff the inferences to which he is entitled to at this stage, the Court finds that he has alleged enough to proceed on a Fourth Amendment claim against Defendants Hissong, Darimont, and Meers.

Plaintiff also claims that Defendants Hissong, Darimont, and Meers used excessive force during his arrest. "In general, the use of excessive force to effect an arrest is evaluated under the Fourth Amendment reasonableness standard, assessing the objective facts which confronted an officer at the time and taking into account, 1) the severity of the crime at issue, 2) the immediate threat to the safety of the officers or others posed by the suspect, and 3) the resistance of the suspect, including active resistance or attempting to resist arrest by flight." *Tilson v. City of Elkhart, Ind.*, 317 F. Supp. 2d 861, 866 (N.D. Ind. 2003), *aff'd sub nom. Tilson v. City of Elkhart, Ind.*, 96 Fed. Appx. 413 (7th Cir. 2004) (citing *Graham v. Connor*, 490 U.S. 386 (1989)). "The question in Fourth Amendment use of force cases is 'whether the officers' actions are objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Tilson*, 317 F. Supp. 2d at 866-67 (quoting *Graham*, 490 U.S. at 397) (defendants not liable for excessive force where police dog bit a fleeing suspect). "An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest." *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012) (citing *Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009)).

The force initially used in this case involved the use of police K-9 Vito. Plaintiff alleges he was asleep in bed and was woken when Vito attacked his leg. Two or three minutes after Vito began to attack, Defendant Darimont entered the room "only to stand by to watch" as Plaintiff begged for help. (Doc. 8 at p. 8). Based on Plaintiff's allegations, the Court finds that Plaintiff has stated a Fourth Amendment excessive force claim against Defendant Darimont for (1) releasing Vito into the residence and allowing Vito to attack Plaintiff, (2) for failing to disengage Vito and allowing him to continue biting Plaintiff's leg, and (3) for releasing Vito a second time when

4

Plaintiff was unable to get up due to his injured leg. *See Williams v. Wakeley*, No. 2:21-CV-202-TLS, 2023 WL 5627092, at *4 (N.D. Ind. Aug. 30, 2023); *Becker v. Elfreich*, 821 F.3d 920, 927 (7th Cir. 2016).

In addition, Plaintiff has stated a Fourth Amendment excessive force claim against Defendants Hissong, Darimont, and Meers for (1) pouncing on top of Plaintiff, kneeing him, and punching him in the ribs, side, and back of his head and (2) for dragging Plaintiff through the house and striking him after he was handcuffed.

Finally, Plaintiff files suit against the Charleston Police Department and police K-9 Vito. Neither are proper Defendants. It appears Plaintiff is trying to hold the Charleston Police Department liable as the police officers' employer. However, "under § 1983, local governments are responsible only for 'their own illegal acts.' They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (emphasis in original) (internal citations omitted). "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Id*. (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978)). The Charleston Police Department may be liable only if it had a policy or custom which was the moving force behind the deprivation of rights. *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012). A § 1983 suit cannot be maintained against a dog. *See Cilek v. Hobart Police Dep't*, No. 2:15-CV-151 RL, 2015 WL 7300532, at *3 (N.D. Ind. Nov. 18, 2015) (citing *Dye v. Wargo*, 253 F.3d 296 (7th Cir. 2001) (dismissing K-9 Spike as a defendant in a section 1983 suit)). Therefore, Defendants Charleston Police Department ETA and K9 Officer Vito are dismissed.

## MOTION TO REQUEST

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 9). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "When evaluating a plaintiff's competence, district courts should normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of–or likelihood of success on–an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

Here, the Court finds Plaintiff made a reasonable attempt to secure counsel on his own. (Doc. 5 at pp. 3-14). Plaintiff asks the Court to appoint counsel to represent him because his imprisonment will impact his ability to litigate this case; the issues in this case are complex and will require significant research and investigation, including reviewing several hours of body cam and dash cam footage, which Plaintiff has no way to access or view; and Plaintiff has limited access to the law library and no legal knowledge. *Id.* at p. 2. Plaintiff indicates he earned his GED. *Id.* Thus far, his pleadings have been coherent and supported by accompanying exhibits. There is no indication that he has any physical or psychological condition that might impair his ability to

litigate this case himself. The Court finds that Plaintiff appears competent to litigate the case himself, especially at this early stage in the litigation process. Plaintiff's Motion to Request Counsel is denied.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff alleges the following claims: a) Defendants Hissong, Darimont, and Meers violated Plaintiff's Fourth Amendment rights by conducting a warrantless entry, search, and arrest on August 12, 2021; b) Defendant Darimont violated Plaintiff's Fourth Amendment rights by (1) releasing police K-9 Vito into the residence and allowing Vito to attack Plaintiff, (2) failing to disengage Vito and allowing him to continue biting Plaintiff's leg, and (3) releasing Vito a second time when Plaintiff was unable to get up due to his injured leg; and c) Defendants Hissong, Darimont, and Meers violated Plaintiff's Fourth Amendment rights by (1) pouncing on top of Plaintiff, kneeing him, and punching him in the ribs, side, and back of his head and (2) dragging Plaintiff through the house and striking him after he was handcuffed. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Charleston Police Department ETA and K9 Officer Vito are DISMISSED for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE these Defendants.

3) Plaintiff's Motion to Request Counsel [9] is DENIED.

4) Plaintiff's Motion for Entry of Default [13] and Motion to Compel [17] are DENIED, as Defendants have not yet been served with Plaintiff's Amended Complaint.

5) Plaintiff's Motion for Status [18] is MOOT.

7

6) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

7) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

8) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

9) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for

effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13) Plaintiff shall be provided a copy of all pertinent medical records upon request.

14) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

15) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 11/14/2023

s/ James E. Shadid<br>
James E. Shadid<br>
United States District Judge